Case 4:16-cv-00478   Document 3   Filed in TXSD on 02/29/16   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
February 29, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEWEL RAY BLASSINGAME, TDCJ #1774580, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-0478 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

The petitioner, Jewel Ray Blassingame (TDCJ #1774580), is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Blassingame has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition"), challenging an adverse parole decision (Docket Entry No. 1). After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court concludes that this case should be dismissed for the reasons explained below.

**I. Background**

On March 13, 2012, Blassingame was convicted of several unspecified offenses in the 12th Judicial District Court of Madison County, Texas, which sentenced him to serve concurrent

terms of 25 years (Cause No. 10-11470-012-13), 20 years (Cause No. 11-11632-012-13), and 20 years (Cause No. 11-11644-012-15) in prison.[1]  Blassingame does not challenge the validity of his underlying convictions.  Instead, Blassingame challenges decisions made by the Texas Board of Pardons and Paroles ("Parole Board"), which resulted in the denial of his early release on parole.[2]

Blassingame was denied parole most recently on January 11, 2016.[3]  The Parole Board denied him early release because of his criminal record:

> 1D   The record indicates that the inmate has repeatedly committed criminal episodes or has a pattern of similar offenses that indicates a predisposition to commit criminal acts when released; or the record indicates that the inmate is a leader or active participant in gang or organized criminal activity; or the record indicates a juvenile or an adult arrest or investigation for felony and misdemeanor offenses.

---

[1]Petition, Docket Entry No. 1, p. 2.

[2]There are two primary ways in which a Texas inmate becomes eligible for early release from imprisonment.  The first is by "parole" and the second is by "mandatory supervision" release.  "'Parole' means the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division."  TEX. GOV'T CODE § 508.001(6).  "'Mandatory supervision' means the release of an eligible inmate . . . so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division."  TEX. GOV'T CODE § 508.001(5).  Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced."  Id. at § 508.147(a); Jackson v. Johnson, 475 F.3d 261, 263, n.1 (5th Cir. 2007).  This case concerns only Blassingame's potential release on parole.

[3]Notice of Parole Panel Decision, Docket Entry No. 1, p. 17.

    3D    The record indicates excessive drug or alcohol involvement which includes possession, use or delivery in the instant offense or criminal history.

    5D    The record indicates unsuccessful periods of supervision on previous probation, parole, or mandatory supervision that resulted in incarceration, including parole-in-absentia revocations.[4]

Blassingame's next parole review is scheduled for December of 2016.[5]

Blassingame argues that the Parole Board has denied him release on parole on three successive occasions (March 24, 2014, February 9, 2015, and January 11, 2016) in violation of his right to due process by repeatedly using the reasons outlined in paragraphs 1D, 3D, and 5D.[6] Reasoning that he cannot change the facts of his underlying offense or his unsuccessful record on supervised release in the past, Blassingame contends that he has been denied parole release improperly based on "vague reasons" without proper consideration of unspecified evidence as well as the amount of Blassingame's accrued good-conduct or work time credits.[7] By repeatedly denying him parole in this manner, Blassingame alleges that the Parole Board has acted arbitrarily in violation of his right to due process.[8]

---

[4]<u>Id.</u>

[5]<u>Id.</u>

[6]Petition, Docket Entry No. 1, pp. 6, 15-17.

[7]<u>Id.</u> at 6.

[8]<u>Id.</u>

## II. Discussion

Blassingame contends that he has been denied parole in violation of the Due Process Clause found in the Fourteenth Amendment. There is, however, "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 99 S. Ct. 2100, 2104 (1979). Prison inmates typically are entitled to protection under the Due Process Clause only when an official action infringes upon a constitutionally protected liberty interest created by state law. See, e.g., Sandin v. Conner, 115 S. Ct. 2293, 2300 (1995) (citing Board of Pardons v. Allen, 107 S. Ct. 2415 (1987)).

The Fifth Circuit has repeatedly recognized that the Texas parole statutes create no constitutional right to release on parole because they create no expectancy of early release. See Williams v. Briscoe, 641 F.2d 274, 277 (5th Cir. 1981) (Texas parole statute does not create a protectable expectancy of release, but rather creates nothing more than a hope of parole); see also Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995); Orellana v. Kyle, 65 F.3d 29 (5th Cir. 1995); Gilbertson v. Texas Board of Pardons and Paroles, 993 F.2d 74, 75 (5th Cir. 1993); Creel v. Keene, 928 F.2d 707, 712 (5th Cir. 1991). Thus, it is settled that Texas inmates "have no protected liberty interest in parole." Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997). Because Blassingame cannot

demonstrate that he was denied parole in violation of a constitutionally protected liberty interest, he is not entitled to habeas corpus relief on this issue.

Federal courts are authorized to dismiss habeas corpus petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because the claims raised by the petitioner are clearly without merit, Blassingame's Petition lacks an arguable basis in law and is subject to dismissal for that reason. See McDonald v. Johnson, 139 F.3d 1056, 1060 (5th Cir. 1998). Accordingly, Blassingame's Petition will be denied and this case will be dismissed.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the

controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003). Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). Because the issue presented concerns a clearly settled area of law, the court concludes that jurists of reason would not debate whether Blassingame's Petition states a valid claim for relief or should be resolved in a different manner. Accordingly, a certificate of appealability will not issue.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. Jewel Ray Blassingame's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DENIED**.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 29th day of February, 2016.

                SIM LAKE
UNITED STATES DISTRICT JUDGE